UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**THOMAS ALLEN VAUGHN,**

    **Petitioner,**

v.                                      **Case No.: 8:21-cv-1030-CEH-SPF**
                                                  **Crim. Case No. 8:15-cr-467-CEH-SPF**

**UNITED STATES OF AMERICA,**

    **Respondent.**
_____/

**<u>ORDER</u>**

Before the Court is Thomas Allen Vaughn's *pro se* motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 (Doc. 1) and brief in support (Doc. 2). The United States filed a response in opposition, (doc. 4), and Vaughn filed a reply, (doc. 5). Vaughn is entitled to no relief because his claims are untimely, procedurally barred, and lack merit.[1]

**I.    Background**

Vaughn was indicted on one count under 18 U.S.C. § 2422(b). (Cr-Doc. 9).[2] The Indictment charged that in October 2015, Vaughn had knowingly attempted to persuade, induce, entice, and coerce a minor to engage in a sexual act. (*Id.*). Vaughn

---

[1] The motion can be denied without need for an evidentiary hearing, as no hearing is required when the record establishes that a Section 2255 claim lacks merit. *See United States v. Lagrone*, 727 F.2d 1037, 1038 (11th Cir. 1984).

[2] References to filings in criminal case number 8:15-cr-467-CEH-SPF are cited throughout this Order as "Cr-Doc. [document number]."

pleaded guilty as charged. (Cr-Docs. 30 (Plea Agreement), 67 (Hearing Transcript)).

On May 25, 2016, this Court sentenced Vaughn to a 120-month term of imprisonment. (Cr-Doc. 60 (Amended Judgment) (amended only for scrivener's error)). Vaughn did not pursue a direct appeal. Instead, on May 7, 2021, Vaughn filed the instant Section 2255 Motion. (Doc. 1). He seeks to vacate his conviction and sentencing, claiming through four intertwined grounds for relief that this Court modified an essential element of the offense and, therefore, broadened the crime of attempted enticement under § 2422(b). (Doc. 1 at 4–8 (Grounds One through Four); *see also* Doc. 1-1 at 1–4). He argues that "it is an undisputed fact that the individual [he had] enticed or attempted to entice was an adult," and not a minor. (Doc. 1 at 4, 5). He claims his Fourth and Fifth Amendment rights have been violated by his conviction and that he is actually innocent of the offense. (*Id.* at 4, 11).

## II.   Statement of Facts[3]

On October 23, 2015, an undercover agent posed online as the adult stepbrother of a sexually curious 14-year-old girl, who was fictional. The agent posted a suggestive ad on the "casual encounters" section of Craigslist. Vaughn responded to the ad with interest. In the communications that followed, it was made clear to Vaughn that the "girl" was only 14. Vaughn asked for a picture of her. He also provided his email address and phone number so she could contact him. The agent, still posing as the stepbrother, gave Vaughn the girl's purported email address, an account that law-

---

[3] This Statement of Facts derives from Vaughn's plea agreement, (cr-doc. 30 at 15 – 16), and the presentence investigation report, (cr-doc. 48 at ¶¶ 19–23).

2

enforcement agents could monitor. Vaughn then began exchanging emails with the "girl." In these exchanges, Vaughn asked the child for a "sexy picture," sent her a shirtless photo, and described the length of his penis. Vaughn also discussed sexual acts he wanted to perform on the girl, asking "Do you want to ride me?" He also told the girl that he liked foreplay, oral, teasing, and sex. Vaughn asked the girl for her phone number so they could eventually hang out and go for a "ride." The "girl" gave Vaughn a phone number, which belonged to a device being tracked by law enforcement agents. Calls and texts followed, during which Vaughn told the girl that he had a "naughty thought" involving "oral." Throughout, it was made clear to Vaughn he was communicating with a minor.

On October 28, 2015, Vaughn texted the "girl" to arrange meeting her and to take her for a ride. When the "girl" advised that she was still at school, Vaughn showed up at an area high school where he believed he could meet the child. Instead, he was arrested. Vaughn had a cell phone used in the offense and three condoms.

### III.   Discussion

#### A.   Vaughn's claims are untimely.

The Antiterrorism and Effective Death Penalty Act ("AEDPA") imposes a one-year statute of limitations for filing a Section 2255 motion to vacate or correct sentence. 28 U.S.C. § 2255(f). Under section 2255(f)(1), the limitations period begins to run from "the date on which the judgment of conviction becomes final." If a defendant does not appeal, his conviction becomes final upon the end of the period for filing a timely

notice of appeal, or 14 days after the entry of judgment. Fed. R. App. P. 4(b)(1)(A); *Akins v. United States*, 204 F.3d 1086, 1089 n.1 (11th Cir. 2000).

Vaughn's judgment of conviction became final on June 8, 2016—when the 14-day time frame for filing a direct appeal had passed.[4] Vaughn should have filed his Section 2255 motion by June 8, 2017. *See* 28 U.S.C. § 2255(f) (allowing one year to file a Section 2255 motion from, pertinently, the date on which the judgment of conviction becomes final); *Akins v. United States*, 204 F.3d. 1086, 1089 n.1 (11th Cir. 2000) (if defendant does not pursue direct appeal, conviction becomes final when time for filing direct appeal ends). Vaughn provides no basis for tolling the time period for filing his Section 2255 Motion. His Motion is dismissed as untimely. *See Dodd v. United States*, 545 U.S. 353, 358–59 (2005) (affirming that untimely Section 2255 motion was barred); *see also Williams v. United States*, 383 F. App'x 927, 929–30 (11th Cir. 2010) (one-year limitation applies to all claims under Section 2255).

Even if Vaughn timely asserted his claims, he is not entitled to relief because his claims are procedurally defaulted and lack merit.

### B. Vaughn's claims are procedurally barred.

Vaughn argues that the Court "modified an essential element and broadened" the crime of "attempted enticement" under 18 U.S.C. § 2422(b). (Doc. 1 at 4). Vaughn procedurally defaulted in raising this claim because he did not pursue a direct appeal of his judgment of conviction. "[A] collateral challenge may not do service for an

---

[4] *See* Fed. R. App. P. 4(b)(1)(A)(i).

appeal." *United States v. Frady*, 456 U.S. 152, 164–65 (1982). "Once the defendant's chance to appeal has been waived or exhausted," courts "are entitled to presume that [the defendant] stands fairly and finally convicted." *Id.* Claims available but not raised are procedurally defaulted and barred from consideration on collateral review. *Bousley v. United States*, 523 U.S. 614, 622–24 (1998).

Vaughn did not argue on a direct appeal, or even at his sentencing hearing, that this Court had "modified an essential element and broadened" the crime of "attempted enticement" under 18 U.S.C. § 2422(b). (Doc. 1 at 4). Vaughn contends that the statute "was broadened because, factually, the undercover agent was an adult." (*Id.*). This, however, was part of the factual basis in the Plea Agreement, (cr-doc. 30), and was described at his change of plea hearing, (cr-doc. 67). And Vaughn made no objection when he was advised of this along with the essential elements of the charge. (Cr-Doc. 67, Tr. 18:1–23). Vaughn understood that the United States need only prove that, at the time of attempted enticement, he "believed" that "the individual was less than 18 years of age." (*Id.*). He agreed this was his belief. (*Id.* at Tr. 21:1–8).

The procedural default of a claim can only be overcome: "(1) for cause and prejudice, or (2) for a miscarriage of justice, or actual innocence." *McKay v. United States*, 657 F.3d 1190, 1196 (11th Cir. 2011). The cause-and-prejudice standard requires a showing not only that "some objective factor external to the defense" impeded Vaughn's efforts to raise the issue earlier, the error alleged must have also "worked to his actual and substantial disadvantage, infecting his entire trial with error," *Frady*, 456 U.S. at 170. If both cause for the procedural default and prejudice

5

are not shown, this Court cannot consider Vaughn's challenge to his conviction unless he shows "actual innocence." *Bousley*, 523 U.S. at 620–24.

Vaughn does not allege cause and prejudice to excuse his procedural default. At any rate, no external impediment prevented Vaughn from raising his claim earlier. Further, Vaughn's claimed error did not work to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions. Vaughn, however, asserts that he is actually innocent of the crime of conviction.

The actual innocence exception to the procedural-default rule is a "'safety valve' for the 'extraordinary case'" to prevent a fundamental miscarriage of justice. *Schlup v. Delo*, 513 U.S. 298, 333 (1995). The Supreme Court has "often emphasized 'the narrow scope' of the exception." *Calderon v. Thompson*, 523 U.S. 538, 559 (1998). "'[A]ctual innocence' means factual innocence, not mere legal insufficiency." *Bousley*, 523 U.S. at 623. To show actual innocence of the crime of conviction, a movant "must show that it is more likely than not that no reasonable juror would have found [him] guilty beyond a reasonable doubt" considering the new evidence of innocence. *Schlup*, 513 U.S. at 327.

Vaughn's claim of actual innocence fails and he is not excused from the procedural default of his claims. As the United States correctly asserts, the factual basis supporting his conviction described a detailed, sexually charged exchange between Vaughn and an undercover agent—whom he believed to be a 14-year-old sexually curious girl. (Cr-Doc. 30 (Plea Agreement) at 15–16). Vaughn then rode his motorcycle to a high school carrying condoms to meet her. (*Id.*). At the plea hearing,

Vaughn admitted to these facts, including that, at the time, he believed the girl to be a minor during their communications. (Doc. 67, Tr. 21:1– 8). Vaughn's claims are denied as procedurally barred.

### C. Vaughn's claims lack merit.

The crux of Vaughn's argument is this Court changed and broadened the elements of 18 U.S.C. § 2422(b) in adjudicating him guilty of the offense because the undercover agent was an adult, not a minor. The United States, however, need only prove that, at the time of attempted enticement, Vaughn "believed" that "the individual was less than 18 years of age." (Cr-Doc. 67, Tr. 18:1–23). The Eleventh Circuit Pattern Jury Instructions explain that "[i]t is not necessary for the Government to prove that the intended victim was in fact less than 18 years of age; but it is necessary for the Government to prove that Defendant believed such individual to be under that age." *See* Eleventh Circuit Pattern Jury Instructions, O92.3 (2020); *see also United States v. Jockisch*, 857 F.3d 1122, 1129 (11th Cir. 2017) (existence of an actual minor victim not required for an attempt conviction under § 2422(b)); *cf. United States v. Lee*, 603 F.3d 904, 912 (11th Cir. 2010) (upholding conviction for attempt under § 2422(b) even when defendant had only communicated with an adult intermediary). In his plea agreement and during his plea hearing, Vaughn agreed it was his belief that the intended victim was under 18 years of age. Vaughn's claims are denied as meritless.

7

### IV.  Conclusion

Vaughn's motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 (Doc. 1) is **DISMISSED** as time barred. Alternatively, the motion is **DENIED** as procedurally barred and on its merits. The Clerk is directed to enter judgment against Vaughn, to close this case, and to enter a copy of this order in the criminal action. The Clerk is further directed to terminate the motion at docket entry 66 in the criminal case.

Vaughn is not entitled to a certificate of appealability. To obtain a certificate of appealability, the petitioner must show that reasonable jurists would find debatable both (1) the merits of the underlying claims and (2) the procedural issues he seeks to raise. *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 478 (2000); *Eagle v. Linehan*, 279 F.3d 926, 935 (11th Cir. 2001). Because Vaughn fails to show that reasonable jurists would debate either the merits of the claims or the procedural issues, he is not entitled to a certificate of appealability or to appeal *in forma pauperis*.

**DONE AND ORDERED** in Tampa, Florida, this 26th day of February, 2024.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

*Copies to:*
*Pro Se* Petitioner
Counsel of Record

8